UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| JAWUAN D. BRUNSON, | : | Bankruptcy No. 07-17511DWS |
| Debtor. | : | |

# MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Motion of Countrywide Home Loans, Inc. For Relief from the Automatic Stay (the "Motion"). For the reasons that follow, the Motion is denied.

**BACKGROUND**

The relevant facts are undisputed. Debtor filed a petition under Chapter 13 on December 21, 2007. Countrywide Home Loans, Inc. ("Countrywide") is the holder of a first position mortgage with respect to Debtor's residence, property located at 1429 Rosalie Street, Philadelphia, PA (the "Residence"). Debtor's confirmed Chapter 13 Plan (the "Plan"), has provided for Countrywide's claim as follows: "In the course of this case the Debtor will both resume making his regular mortgage payments directly, and, through his trustee

payments, cure the entire mortgage arrears owed to . . . [Countrywide]." Exhibit M-2.[1]

At the hearing on the Motion, Debtor conceded that he failed to make <u>any</u> post-petition payments on the mortgage to Countrywide.[2] Despite this failure, Countrywide never filed a motion for relief from stay prior to confirmation of the Plan on September 18, 2008. Nor did Countrywide raise any objection to confirmation of the Plan on the basis of these post-petition defaults. Only after confirmation did Countrywide file the Motion, on September 26, 2008, seeking relief based solely on Debtor's failure to make the mortgage payments that came due prior to confirmation.[3] Debtor counters that confirmation of the Plan precludes Countrywide from seeking relief based on preconfirmation defaults. Both parties having filed memoranda of law on this issue, the matter is ripe for adjudication.

**DISCUSSION**

Section 1327(a) of the Bankruptcy Code provides that: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a). Because a confirmed plan is *res judicata* as

---

[1] The Plan was amended once, on August 18, 2007, to increase the plan payment and reflect minor changes as to claims other than Countrywide's. The quoted clause remained unchanged by the amendment.

[2] No issue was raised with respect to Debtor's Plan payments, which I note are being made through a wage deduction. Order dated August 26, 2008. (Doc. No. 62).

[3] Given the date the Motion was filed, October's mortgage payment was not due. While Debtor concedes that this payment has not been fully paid, it does not form the basis of Countrywide's Motion.

2

to all issues that were or could have been raised by the confirmation, see In re Szostek, 886 F.2d 1405 (3d Cir.1989), numerous courts have held that § 1327 "precludes a creditor from obtaining relief from the automatic stay on pre-confirmation events." In re Bonanno, 78 B.R. 52, 56 (Bankr. E.D. Pa. 1987); accord Salt Creek Valley Bank v. Wellman (In re Wellman), 322 B.R. 298, 301 (6th Cir. B.A.P. 2004) ("unless it pertains to a post-confirmation failure to make payments, the motion [for relief from stay] is untimely in view of the transcendence of the confirmed plan"); In re Clark, 38 B.R. 683, 685 (Bankr. E.D. Pa. 1984) (concluding that "after confirmation 'cause' under § 362(d)(1) may only be predicated on matters occurring after said confirmation."); In re Pizzullo, 33 B.R. 740, 742 (Bankr. E.D. Pa. 1983) (holding that after confirmation, "the debtors' preconfirmation payment history with the mortgagee and the issue of equity and adequate protection are irrelevant."). See also Keith M. Lundin, 3 Chapter 13 Bankruptcy § 242.1, at 242-1 (3d ed. 2000 & Supp. 2004) ("It is often stated in reported decisions that a postconfirmation request for relief from the stay must be based on postconfirmation facts, events, or defaults.")

Countrywide's sole response to this case law is to attempt to factually distinguish two of Debtor's cited cases, i.e., Wellman and Bonanno, supra. In Wellman the creditor sought post-confirmation relief based on the allegation that the property was not necessary for the debtor's reorganization. 322 B.R. at 300. Bonanno involved a creditor seeking relief from the co-debtor stay based on the fact that the plan did not provide for full payment of its secured claim. 78 B.R. at 54.[4]

---

[4] Section 1301(c)(2) allows relief from stay against a codebtor if the plan proposed by the debtor proposes not to pay the claim.

3

As an initial matter, Countrywide's approach simply ignores the cases that are factually similar to the case *sub judice*, i.e., that involve postpetition and preconfirmation defaults. See Clark, 38 B.R. at 684 (debtor failed to tender postpetition/preconfirmation mortgage payments outside of the plan); Pizzullo, 33 B.R. 740 (same). In any case, Countrywide's distinction is one without a difference. Both the Wellman and Bonanno courts rejected the arguments before them because the bases for stay relief, while not pertaining to defaulted plan payments, were nevertheless issues which could have been raised preconfirmation and therefore the *res judicata* effect of § 1327 precluded them from being raised postconfirmation. 322 B.R. at 301-02; 78 B.R. at 56-57.

Countrywide contends that its motion is not an attempt to revisit issues that might have been raised preconfirmation. I respectfully disagree. Debtor filed this case in December 2007 and immediately was in default of the Plan provision requiring him to resume mortgage payments to Countrywide directly. At any time during nine months of postpetition, preconfirmation nonpayment, Countrywide could have brought a motion for relief based on these payment defaults. It also could have objected to confirmation if the Plan did not provide for cure of these post-petition arrears. It did neither, and it is therefore bound by the terms of the confirmed Plan. As such, relief from stay is precluded by confirmation of the Plan.

Finally, Countrywide argues, without any authority, that a basis for stay relief exists based on a document filed by Debtor on September 18, 2008, titled "Pre-Confirmation Certification of Compliance with Post-Petition Obligations in Accordance with 11 U.S.C. Section 1325(a)(8) and (a)(9)" (the "Certification"). The Certification states, *inter alia*, that:

4

"The above-named debtor(s) <u>expects to be</u> current with all post-petition obligations." Exhibit M-1 (emphasis added). The phrase "expects to be" is hand-written over the typed words "is/are," which are crossed out. While Countrywide asserts that the quoted statement is a misrepresentation, it did not question Debtor on this document or present any other evidence from which I could glean that the statement of Debtor's "expectation" was untrue. Even if it was, I see no legal significance to the statement which was not made to induce reliance by Countrywide.[5] The mortgagee, who is clearly in the best position to know the status of Debtor's post-petition mortgage payments, certainly cannot contend that it justifiably relied on and was misled by this statement.

      An Order consistent with this Memorandum Opinion shall be entered.

*Diane W. Sigmund* (signature)

      DIANE WEISS SIGMUND
      United States Bankruptcy Judge

Dated: November 6, 2008

---

[5] Notably this document is the Chapter 13 trustee's form rather than an Official Bankruptcy Form. It allows the Chapter 13 trustee to determine whether, as its name indicates, a debtor is in post-petition compliance with § 1325(a)(8) (domestic support obligations) and (a)(9) (tax returns) for the purpose of recommending confirmation. Debtor's form affirmatively responded, and the trustee was apparently satisfied. While the form also inquires about other post-petition obligations, the Debtor's equivocal statement, in the absence of an objection by a creditor not being paid currently, is not cause for the Trustee to withhold his recommendation.